IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-416-CR




JOHN DEVENPORT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 36,124, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of driving while intoxicated and
assessed punishment at incarceration for two years and a $750 fine, probated. Tex. Rev. Civ.
Stat. Ann. art. 6701l-1 (West Supp. 1993). Appellant's three points of error raise the single
contention that the evidence is legally insufficient to sustain the conviction.

 On the evening of January 6, 1992, Donna Campbell heard a loud noise outside her
house in Wimberley. She went outside and found a pickup truck that had run off the road and
overturned at the foot of her driveway. As Campbell approached the truck, she saw appellant
climb out through a window. Campbell saw no one else in or near the vehicle. Campbell
remained outside with appellant, and with the growing number of spectators who arrived after the
accident, until a deputy sheriff arrived. Campbell did not see appellant drinking after the
accident.

 Hays County deputy sheriff David Borque was the first officer to arrive at
Campbell's house. Appellant told Borque that he swerved to avoid hitting a deer and lost control
of the truck. Borque testified that appellant appeared to be confused and unsteady on his feet, and
had the odor of alcoholic beverage about him. The officer saw several empty beer cans in the
pickup. Borque was of the opinion that appellant was intoxicated. 

 Department of Public Safety officer Jeff Sones arrived at the scene approximately
forty-five minutes after the accident. Sones saw that appellant was unsteady on his feet, had
bloodshot eyes, and smelled of alcoholic beverage, and asked him to perform certain field sobriety
tests. Based on the results of these tests and his earlier observations, Sones also concluded that
appellant was intoxicated.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). Appellant contends that the evidence in this cause does not satisfy this
test because it does not exclude the reasonable hypothesis that he became intoxicated after the
accident, and therefore was not guilty of driving while intoxicated. Appellant's reliance on the
reasonable alternative hypothesis construct is misplaced, as it is no longer used in Texas. Geesa
v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). 

 Viewing the evidence in this cause in the light most favorable to the verdict, a
rational trier of fact could find beyond a reasonable doubt that appellant drove a motor vehicle in
a public place while not having the normal use of his mental or physical faculties by reason of the
introduction of alcohol into his body. The three points of error are overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: March 17, 1993

[Do Not Publish]